## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
02/28/2011

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **MPF HOLDING US LLC**, *et al.*, | § | **Case No. 08-36084** |
| | § | **(Chapter 11)** |
| Debtors. | § | **(Jointly Administered)** |
| | § | |

## AMENDED[1] MEMORANDUM OPINION ON CERTIFICATION FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### I. INTRODUCTION

In the case at bar, counsel for numerous parties heavily negotiated the language in the confirmed plan, not the least of which was counsel for the debtors and counsel for the unsecured creditors' committee. After confirmation, the litigation trustee brought numerous suits against multiple entities to recover alleged preferential transfers. One of these defendants has filed a motion to enforce the confirmed plan in the main case, arguing that the plan's language forbids such suits; other defendants have filed joinders supporting this motion. The Court held a hearing on December 17, 2010 on all of these motions, at which time parties introduced certain exhibits and engaged in oral arguments; no parties adduced testimony. The Court then issued an oral ruling on January 6, 2011, concluding that: (1) the language in the plan does not satisfy the standard established by the Fifth Circuit for reserving causes of action; (2) therefore, the litigation trustee has no standing to prosecute the suits; and (3) accordingly, this Court has no

---

[1] The original Memorandum Opinion was entered on the docket on February 18, 2011. [Doc. No. 589]. The amendments in this Amended Memorandum Opinion relate only to section V(B)(3)—which is on pages ten and eleven—and concern the discussion as to why this Court believes that certification is appropriate under 28 U.S.C. § 158(d)(2)(iii). Further, there are technical amendments which do not affect the substance of the Opinion.

subject matter jurisdiction over these suits, and they must be dismissed.[2] On February 11, 2011, this Court issued a Memorandum Opinion memorializing this oral ruling, [Doc. No. 582], which this Court amended on February 28, 2011. [Doc. No 599].[3]

The litigation trustee has appealed this Court's ruling and has requested a direct certification to the United States Court of Appeals for the Fifth Circuit. The Court now writes this Memorandum Opinion to set forth the grounds for this Court's certification of the appeal to the Fifth Circuit. Specifically, in this opinion, this Court sets forth: "(i) the facts necessary to understand the question presented; (ii) the question itself; (iii) the relief sought; [and] (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists." Bankruptcy Rule 8001(f)(3)(C)(i)-(iv).

## II. FACTUAL BACKGROUND

1. On September 24, 2008, the Debtors filed their voluntary Chapter 11 bankruptcy petition. [Doc. No. 1].[4]

2. On June 14, 2010, this Court entered an Order Approving Debtors' Amended Disclosure Statement (As Modified) and Confirming Debtors' Amended Joint Plan of Reorganization (as Modified). [Doc. No. 401]. This order approved, among other things, the Debtors' Amended Joint Plan of Reorganization (the Plan). [Doc. No. 392].

---

[2] *Blue Water Endeavors, LLC v. AC & Sons, Inc. (In re Blue Water Endeavors, LLC)*, Adv. No. 10-1015, 2011 Bankr. LEXIS 67, at *15 n.14 (Bankr. E.D. Tex. Jan. 6, 2011). "When a plaintiff cannot satisfy the standing requirements imposed by Article III, courts lack subject matter jurisdiction over a case." *Id.* (citing *Bell v. Am. Traffic Solutions, Inc.*, 371 Fed. App'x 488, 489 (5th Cir. 2010)).

[3] The amendments are technical amendments and do not affect the substance of the original Memorandum Opinion.

[4] This bankruptcy case is jointly administered. The debtors in this case are MPF Corp. Ltd., MPF-01 Ltd., and MPF Holding US LLC (collectively, the Debtors).

3.   The Plan contains certain language releasing claims and preserving claims. [*See generally*, Doc. No. 392].

4. The Plan allows for the appointment of a litigation trustee (the Litigation Trustee) to oversee and administer a post-confirmation litigation trust. [Doc. No. 392, p. 10]. The purpose of this trust is to liquidate claims in order to pay allowed unsecured claims pursuant to the Plan.

5. Since confirmation of the Plan, the Litigation Trustee has filed lawsuits against several defendants for preferences. [*See, e.g.*, Doc. Nos. 446, 459, 477, 485 & 521].

6. On November 8, 2010, Aker Pusnes AS (Aker), one of several preference defendants, filed its Amended Motion for an Order Enforcing the Terms of Confirmation Order (the Aker Motion). [Doc. No. 510]. The following preference defendants filed joinders to the Aker Motion: Mustang Engineering Ltd., Worldwide Oilfield Machine, Inc., KCA Deutag Drilling, Ltd., and InOcean AS (collectively, the Defendants). [Doc. Nos. 514, 515, 519, & 523].

7. On November 29, 2010, the Litigation Trustee filed his Objection to: (I) the Aker Motion, (II) the Joinder of Mustang Engineering Ltd. to the Aker Motion, and (III) the Joinder of Worldwide Oilfield Machine, Inc. to the Aker Motion (the Objection). [Doc. No. 516]. That same day, the Litigation Trustee also filed his brief in support of the Objection in both the main case and in the adversary proceeding where Aker is a defendant. [Doc. No. 517].

8.   On November 29, 2010, the Litigation Trustee also filed his: (I) Response to Joinder of Mustang Engineering Ltd. to the Aker Motion and (II) Supplemental Response to the Aker Motion. [Doc. No. 518].

9. On December 7, 2010, Aker filed its Reply in Support of the Aker Motion. [Doc No. 526]. On December 14, Mustang Engineering, Ltd. filed its Reply in Support of Joinder to the Aker Motion. [Doc No. 527].

10. On December 17, 2010, this Court held a hearing on, among other things, the Aker Motion, at which time certain exhibits were introduced and oral arguments were made; no testimony was adduced. The Court took the matter under advisement on December 17, 2010, and permitted the parties to file additional briefing.[5]

11. On January 6, 2011, this Court issued an oral ruling and entered an Order on Motion of Aker Pusnes AS for an Order Enforcing the Terms of the Confirmation Order and Ordering Dismissal of Certain Adversary Proceedings without Prejudice (the Aker Order).

12. On January 13, 2011, the Litigation Trustee filed his Request for Certification of Order on Aker Pusnes AS for an Order Enforcing the Terms of the Confirmation Order [Doc. No. 550], representing that the Litigation Trustee intended to appeal the Court's ruling. The Litigation Trustee filed this pleading even though this Court's oral ruling had not yet been reduced to a written order that was entered on the docket.

13. On January 14, 2011, the Aker Order was entered on the docket. [Doc. No. 556]. Following the entry on the docket of the Aker Order, this Court has dismissed the adversary proceedings brought by the Litigation Trustee on the grounds that this Court lacks subject matter jurisdiction to adjudicate these disputes.

13. On January 20, 2011, the Litigation Trustee filed the Amended Request of Jeff Compton, Litigation Trustee of the MPF Litigation Trust, for Certification of Order on Motion of Aker Pusnes AS for an Order Enforcing the Terms of the Confirmation Order (the Certification Request). [Doc. No. 562]. The Certification Request represents the following: "The Trustee seeks to overturn the Aker Order on the grounds that the Plan specifically and unequivocally preserved causes of action for the Trustee, that the Trustee has standing to pursue the Adversary Proceedings, and the Court has subject matter jurisdiction over such Adversary Proceedings."

---

[5] On December 28 and 29, 2010, certain parties filed supplemental briefs. [Doc. Nos. 539–543].

[Doc. No. 562, p. 5]. The Certification Request asks that this Court certify the appeal pursuant to 28 U.S.C. § 158(d)(2)(A)(i), (ii) and (iii).

14. On January 28, 2011, the Litigation Trustee filed a notice of appeal of the Aker Order. [Doc. No. 566].

15. On February 3 and 4, 2011, the Defendants, either jointly or individually, objected to the Certification Request on a limited basis. [Doc. Nos. 568, 570, 571, 573 & 574]. These pleadings object to certification based upon subsection (i) and (ii) of 28 U.S.C. 158(d)(2)(A), but agree to certification pursuant to subsection (iii).

16. On February 11, 2011, this Court issued its Memorandum Opinion memorializing its January 6, 2011 oral ruling.[6] [Doc. No. 582]. The Dismissal Opinion (as defined in footnote 6) concludes that the Plan did not "specifically and unequivocally" preserve post-confirmation causes of action as required by the Fifth Circuit in *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 355 (5th Cir. 2008). Moreover, the Dismissal Opinion differs in its application of *United Operating* from the courts in *Moglia v. Keith (In re Manchester, Inc.)*, Adv. No. 09-03027, 2009 Bankr. LEXIS 2003 (Bankr. N.D. Tex. July 16, 2009) and *Spicer v. Laguna Madre Oil and Gas, LLC (In re Tex. Wyo. Drilling Inc.)*, 422 B.R. 612 (Bankr. N.D. Tex. 2010). Specifically, unlike the courts in *Manchester* and *Texas Wyoming*, this Court concludes that the Fifth Circuit's definition of "specific and unequivocal" set forth in *United Operating* requires proposed plans of reorganization to identify specific claims against specific defendants and to represent that these claims will—as opposed to may—be prosecuted after confirmation.

---

[6] On February 28, 2011, this Court issued an Amended Memorandum Opinion Relating to Motion of Aker Pusnes AS for An Order Enforcing the Terms of Confirmation Order (the Dismissal Opinion). [Doc. No. 599]. The Court amended its original opinion to make certain technical amendments that did not affect the substance of the opinion.

17. On February 11, 2011, this Court held a hearing on, among other things, the Certification Request and the objections thereto. No testimony was adduced, nor were any exhibits admitted; counsel for the parties simply made oral arguments. At the hearing, the Defendants and the Litigation Trustee agreed that subsection (iii) of 28 U.S.C. § 158(d)(2)(A) applies for direct certification to the Fifth Circuit, but disagreed as to whether subsections (i) or (ii) apply. The Litigation Trustee argued that subsections (i) and (ii) also apply; whereas the Defendants argued that neither of them applies. The Court then took the matter under advisement. Having considered the arguments, this Court concludes that subsection (ii) is applicable, but that subsection (i) is not. Thus, in sum, this Court concludes that certification is proper pursuant to subsections (ii) and (iii), but not subsection (i).

### III. QUESTION PRESENTED ON APPEAL

Whether the Plan in the case at bar "specifically and unequivocally" preserves the Litigation Trustee's post-confirmation causes of action as required by the Fifth Circuit in *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 355 (5th Cir. 2008).

### IV. RELIEF SOUGHT

The Litigation Trustee seeks to have the Aker Order overturned, which would then allow the Litigation Trustee to prosecute the adversary proceedings seeking to recover the alleged preferential payments. To overturn the Aker Order, the Litigation Trustee seeks a ruling on appeal that the Plan "specifically and unequivocally" preserves post-confirmation causes of action under § 547. Such a ruling would confer standing on the Litigation Trustee to prosecute the adversary proceedings, which in turn means that this Court would have subject matter jurisdiction over the suits.

## V. CONCLUSIONS OF LAW

**A.      Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) because the certification for appeal relates to the Plan—specifically, to the interpretation and execution of the Plan. The Fifth Circuit has consistently held that a bankruptcy court has post-confirmation jurisdiction over matters "that bear on the interpretation or execution of the debtor's plan." *Bank of La. v. Craig's Stores of Tex, Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001); *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002); *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 535 F.3d 325, 335 (5th Cir. 2008). Additionally, this proceeding is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)* Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that an "[a]dversary [p]roceeding is a core proceeding under 28 U.S.C. § 157(b)(2) even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance").

Pursuant to Bankruptcy Rule 8001(f)(2)(A), this Court may make certification at this point in time because the appeal brought by the Litigation Trustee has not yet been docketed.

Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

**B. Certification for Direct Appeal to the United States Court of Appeals for the Fifth Circuit is Appropriate Because: (1) the Order Involves a Question of Law Requiring the Resolution of Conflicting Decisions; and (2) an Immediate Appeal from the Order May Materially Advance the Progress of the Case.**

To certify a direct appeal to the Fifth Circuit, this Court must look to 28 U.S.C. §

158(d)(2). This statute provides that:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A). Because the parties could not agree as to what prongs of 28 U.S.C. §

158(d)(2)(A) apply—the Defendants believe that only the third prong applies, while the

Litigation Trustee believes all three subsections apply—the Court now writes this Memorandum

Opinion to clarify what prongs are applicable for a direct appeal to the Fifth Circuit.

    1. <u>Certification Pursuant to 28 U.S.C. § 158(d)(2)(A)(i) is not Proper.</u>[7]

        i. *There is No Question of Law as to which there is No Controlling Decision of the Fifth Circuit.*

The pertinent subsection of 28 U.S.C. § 158(d)(2)(A)(i) reads as follows: "the judgment,

order, or decree involves a question of law as to which there is no controlling decision of the

court of appeals for the circuit or of the Supreme Court of the United States." The Litigation

Trustee argues that subsection (i) applies because this Court's decision involves a question of

---

[7] There are actually four, not three, independent grounds set forth in 28 U.S.C. § 158(d)(2)(A), as the first subsection contains two separate and distinct grounds for certification: (1) whether there is controlling precedent at the circuit or Supreme Court level; or (2) whether the issue relates to a matter of public importance.

law as to which there is no controlling decision of the United States Supreme Court. This Court disagrees, as the plain language of the statute indicates that if there is controlling precedent at the circuit level, subsection (i) is inapplicable. *United States v. Ron Pair*, 489 U.S. 235, 242 (1989) ("The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters."); *see also In re GMC*, 409 B.R. 24, 28 (Bankr. S.D.N.Y. 2009) ("While a circuit split might be an appropriate matter for consideration for the Supreme Court, in deciding whether or not it wishes to grant *certiorari*, it doesn't satisfy § 158(d)(2).").

In the case at bar, there is Fifth Circuit precedent relating to the question of law at issue (*i.e.*, what is required to reserve post-confirmation causes of action). Indeed, in the Dismissal Opinion, the Court relied on binding Fifth Circuit precedent in *United Operating*, 540 F.3d 351 and *Nat'l Benevolent Ass'n of the Christian Church v. Weil, Gotshal & Manges, LLP (In re Nat'l Benevolent Ass'n of the Christian Church)*, 333 Fed. App'x 822 (5th Cir. 2009). Simply disputing the application of these two cases to the facts in the case at bar does not satisfy subsection (i). *See GMC*, 409 B.R. at 28. Accordingly, certification is not appropriate on the grounds that there is no controlling Fifth Circuit decision pertaining to this question of law.

> ii. *Certification is not Appropriate on the Grounds that the Issue is a Matter of Public Importance.*

The second portion of 28 U.S.C. § 158(d)(2)(A)(i) states that certification for direct appeal is appropriate when it is a matter of public importance. In determining the definition of "matter of public importance," this Court notes that "[U]ltimately, 'public importance' is a relative thing, and it doesn't necessarily mean what a litigant considers to be important." *GMC*, 409 B.R. at 28. The bar for this should be high, for a "'matter of public importance' should transcend the litigants . . . [and include] [S]uch things as the constitutionality of a provision of

title 11, the applicability of nonbankruptcy law to matters arising in a bankruptcy case, the ability to change the venue of a title 11 case to an improper venue or any one of the important provisions governing consumer bankruptcies." 1 Collier on Bankruptcy P 5.06[5][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). While this Court acknowledges that post-confirmation preservation of causes of action is not a trivial matter of bankruptcy law, it is ultimately just a matter of statutory interpretation and common law analysis instead of an in-depth discussion of complex constitutional issues that affect the public as a whole. *See GMC*, 409 B.R. at 28. As such, this Court concludes that the issue in the case at bar does not rise to the level of public importance, thus making this second prong of subsection (i) inapplicable.

   2. Certification Pursuant to 28 U.S.C. § 158(d)(2)(A)(ii) is Proper.

   28 U.S.C. § 158(d)(2)(ii) states that certification is proper when "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions." There are conflicting decisions as to the proper application of *United Operating* and *National Benevolent*. This Court believes that the Aker Order involves a question of law requiring resolution of conflicting decisions pursuant to 28 U.S.C. § 158(d)(2)(A)(ii) because this Court's interpretation of what the Fifth Circuit means by the phrase "specific and unequivocal" conflicts with the interpretation of this phrase applied by other bankruptcy courts, including two bankruptcy judges who sit in the Northern District of Texas (the Honorable Barbara J. Houser and the Honorable D. Michael Lynn). As such, certification pursuant to subsection (ii) is entirely proper.

   3. Certification Pursuant to 28 U.S.C. § 158(d)(2)(iii) is Proper.

   Finally, 28 U.S.C. § 158(d)(2)(iii) states that certification is appropriate when "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." Due to the amount in controversy—over

$25.0 million—any decision by the District Court in this matter is very likely to be appealed to the Fifth Circuit.[8] Moreover, the Fifth Circuit's resolution of this matter will resolve whether the Litigation Trustee will be able to prosecute the more than thirty separate adversary proceedings to recover preferences.[9] This resolution will probably determine whether or not unsecured creditors will receive any payment on their claims—as absent any proceeds that could be recovered from these preference suits, the post-litigation trust will probably not have any other appreciable sources of cash for payment of claims. Finally, and importantly, the Defendants and the Litigation Trustee both agree that this third subsection is applicable. As such, certification pursuant to subsection (iii) is proper.

---

[8] As a result of this Court's conclusion that the Litigation Trustee has no standing and that this Court therefore has no subject matter jurisdiction, this Court has already dismissed over thirty separate adversary proceedings. A review of each of the complaints filed by the Litigation Trustee in these suits indicates that the Litigation Trustee was seeking in excess of $25 million in preferential payments.

[9] In the original Memorandum Opinion of February 18, 2011, this Court discussed why certification pursuant to 28 U.S.C. § 158(d)(2)(iii) is proper. One basis for this conclusion was that "the Fifth Circuit resolving this matter will effectively resolve thirty-three separate adversary proceedings that would otherwise be pending in front of various district judges within the Southern District of Texas." The Court took this position because the Litigation Trustee had begun filing notices of appeal in certain adversary proceedings dismissed by this Court. These appeals were being assigned to different district judges. For example, the appeal in adversary number 10-3477 was assigned to District Judge Lee Rosenthal, while the appeal in adversary number 10-3651 was assigned to District Judge Vanessa Gilmore. The undersigned judge therefore concluded that as the Litigation Trustee continued to file notices of appeal in the other adversary proceedings, the Clerk's Office would be randomly assigning the appeals to the other district judges; and that, by the time the Litigation Trustee had finished filing all of his notices of appeal, many, if not all, of the district judges would be handling the appeals. However, effective January 1, 2011, the assignment policy for bankruptcy appeals was changed so that any appeals in adversary proceedings will go to the district judge who has the main case appeal. Because the appeal of the Aker Order in the main case was assigned to District Judge Lynn Hughes, the Clerk's Office should have assigned the appeals in the adversary proceedings to Judge Hughes as well. Unfortunately, the Clerk's Office inadvertently assigned the first two appeals in the adversary proceedings to Judges Rosenthal and Gilmore. The Clerk's Office discovered the error and has now taken corrective action; the appeals that were assigned to Judges Rosenthal and Gilmore have now been assigned to Judge Hughes, and all other appeals taken in any of the adversary proceedings will also be assigned to Judge Hughes. Because all of the appeals will be assigned to only one district judge (i.e., Judge Hughes), there is no longer a basis for this Court to suggest that certification under 28 U.S.C. § 158(d)(2)(iii) is proper due to the sheer number of district judges handling appeals involving the same issue. Nevertheless, this Court still believes that certification is appropriate under 28 U.S.C. § 158(d)(2)(iii) for two reasons: (1) the amount in controversy exceeds $25.0 million; and (2) whether unsecured creditors under the Plan are to receive any distribution is largely dependent upon whether the Litigation Trustee has standing to pursue the adversary proceedings.

## VI. CONCLUSION

For all of the reasons set forth above, this Court concludes that this certification is appropriate pursuant to 28 U.S.C. § 158(d)(2)(A)(ii) & (iii).

Signed on this 28th day of February, 2011.

Jeff Bohm
United States Bankruptcy Judge